NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URIEL GARCIA, Plaintiff-Appellant, v. POWELL, Nurse at CSATF-Corcoran; WINFRED M. KOKOR, M.D.; TRACHELLE HURTADO, Registered Nurse at CSATF-Corcoran; UGWUEZE GODWIN, Chief Medical Executive, Defendants-Appellees. | No. 21-15448 D.C. No. 1:19-cv-01631-AWI-JLT MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

California state prisoner Uriel Garcia appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

The district court dismissed Garcia's action for failure to state a claim. However, Garcia alleged that nursing staff largely ignored his complaints of a broken finger for three weeks. Then, when a physician put in an "urgent" medical request, the chief medical executive and nursing staff delayed for a month in scheduling his surgery. This delay ultimately resulted in deformity and nerve injury. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."). We therefore reverse the judgment and remand for further proceedings.

We reject as unsupported by the record Garcia's contentions that the district and magistrate judges committed treason, engaged in criminal misconduct, or violated his due process rights.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

21-15448

Garcia's motion to proceed in forma pauperis is denied as unnecessary. All other pending motions and requests are denied.

**REVERSED and REMANDED.**